IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Chad Austin Gibson, ) | Case No. 8:22-cv-03158-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Oconee County Sheriff's Office, School ) | |
| District of Oconee County, Jesus De ) | |
| Kuna Soto, Robert Sparkman, James ) | |
| Freeman, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant School District of Oconee County's ("the School District") motion to dismiss. ECF No. 35. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin[1] for pre-trial proceedings and a Report and Recommendation ("Report"). On January 5, 2024, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted in part and denied in part. ECF No. 40. The School District filed objections to the Report. ECF No. 41.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] This case has since been reassigned to United States Magistrate Judge Molly H. Cherry.

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Court finds the Magistrate Judge included a thorough discussion of the relevant facts and applicable law, which the Court incorporates by reference.

The School District moves to dismiss the only two claims asserted against it: state law claims for civil conspiracy and false imprisonment.  The Magistrate Judge recommends exercising supplemental jurisdiction over these claims.  She further recommends that the motion to dismiss be granted as to the civil conspiracy for failure to state a claim upon which relief can be granted and that the motion be denied as to the claim for false imprisonment.  In the objections, the School District states that it does not object to the portion of the Report recommending dismissal of the civil conspiracy claim.  Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge and grants the motion to dismiss with respect to the claim for civil conspiracy.

With respect to the claim for false imprisonment, the Court's review has been de novo. In its objections, the School District argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's false imprisonment claim because the claim as pled necessarily expands state law. The School District further argues that, even if the Court exercises supplemental jurisdiction, Plaintiff has failed to state a claim for false imprisonment. The Court will address each argument in turn.

As noted by the Magistrate Judge a district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law" or if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(1), (4). Upon de novo review, the Court agrees with the Magistrate Judge that it is appropriate to exercise supplemental jurisdiction in this case. The Court finds that this claim does not present a novel issue. Nor does the Court find that "the values of judicial economy, convenience, fairness, and comity" weigh in favor of declining jurisdiction. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The School District argues that it was recently added to this action, that most of the claims do not pertain to it, and that comity interests weigh in favor of a state court resolving the state-law claims asserted against it. These arguments fail to rise to the level of exceptional circumstances. Accordingly, the School District's objections are overruled.

The Court now turns to a discussion of whether Plaintiff sufficiently stated a claim for false imprisonment against the School District in light of the standard of review under Federal Rule of Civil Procedure 12(b)(6). Upon de novo review, the Court agrees with

the Magistrate Judge that Plaintiff has pled facts sufficient to withstand a motion to dismiss.

The School District argues that Plaintiff's claim fails because he did not allege why requesting that Plaintiff stop so that a no-trespass notice could be issued is unlawful.  This seems to be a slightly different argument than was raised to the Magistrate Judge.  *See* ECF No. 35-1 at 5, 9.  Nevertheless, the Court finds that the outcome is the same.  Plaintiff alleges that he was unlawfully detained at the request of the School District's agents. ECF No. 29 at 17 ("Without lawful authority, Mr. Lecroy ordered Defendant Soto to detain Plaintiff and issue a no-trespass on Plaintiff while on the premises . . . . .  Defendants Soto, Sparkman and Freeman then forced Plaintiff to the ground and handcuffed him without justification, depriving Plaintiff of his liberty.").  These allegations, inter alia, are sufficient to state a claim for false imprisonment.  *See Huffman v. Sunshine Recycling, LLC,* 826 S.E.2d 609, 614 (S.C. 2019) (holding that a plaintiff must establish the following elements to state a claim for false imprisonment: "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful.").[2]

Therefore, upon review, the Court agrees with the recommendation of the Magistrate Judge.  Accordingly, the motion to dismiss is **GRANTED in part and DENIED in part**.  The motion is granted as to the claim for civil conspiracy against the School District and denied as to the claim for false imprisonment.

IT IS SO ORDERED.

---

[2] To the extent the School District asserts that it is not responsible for the actions of the officers in detaining Plaintiff, the Court incorporates the Magistrate Judge's well-reasoned discussion of that issue.  ECF No. 40 at 8–9 n.6.

s/ Donald C. Coggins, Jr.
United States District Judge

February 23, 2024
Spartanburg, South Carolina